**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-50944

RAMON PEREZ

Plaintiff-Appellee

v.

DANIEL ZAHARA, Individually; JESSE BROWN, Individually; CAROL
LOGAN, Ph D, Clinical Psychologist, Individually

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-cv-44

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellee Ramon Perez sued Defendants-Appellants Daniel
Zahara, Jesse Brown, and Carol Logan (collectively, "Defendants") for religious
discrimination under § 1983. Perez, a fundamentalist Christian, asserts that he
was fired from the Austin Police Department because of his religious beliefs.
Defendants eventually moved for summary judgment based on qualified
immunity. The district court denied the motion, finding a genuine issue of fact

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

as to Defendants' reasons for firing Perez.

Defendants then filed this interlocutory appeal. Although they couch their arguments in various legal forms, Defendants essentially quibble with the district court's determination that there is a genuine factual issue as to the reasons for Perez's termination. But the district court expressly found that there was a genuine issue of fact as to whether Defendants terminated Perez for his religious beliefs, and in an interlocutory appeal of qualified immunity, this determination is unassailable. *See, e.g.*, *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 490–91 (5th Cir. 2001). The only question we have jurisdiction to address is whether this genuine factual issue is material. *See, e.g.*, *Wagner v. Bay City*, 227 F.3d 316, 320 (5th Cir. 2000). In this case, it is: if a jury accepted Perez's version of the genuinely disputed fact issue—that is, Defendants terminated him because of his religious beliefs—then Defendants would have violated Perez's clearly established constitutional rights under the Free Exercise Clause of the First Amendment. *Cf. Torcaso v. Watkins*, 367 U.S. 488, 495 (1961). Consequently, we AFFIRM the district court's denial of qualified immunity.

AFFIRMED.